73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 David POWELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1536.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1995.
 
 Before: MERRITT, Chief Judge; GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 David Powell pleaded guilty to one count of conspiring to possess cocaine with intent to distribute it in violation of 21 U.S.C. Secs. 841 and 846. The district court abided by the parties' Rule 11 plea agreement and sentenced Powell to 135 months in prison (135-168 month guideline range), which was to run concurrent with a five year term of imprisonment Powell was already serving on another charge. Powell did not appeal his conviction or sentence.
 
 
 3
 In his motion to vacate sentence, Powell claimed that: 1) he was convicted and sentenced illegally because 21 U.S.C. Secs. 841 and 846 are unconstitutional; 2) he was denied due process of law because there was no publication in the Federal Register of a regulation proscribing his admitted drug activity; and 3) he received ineffective assistance of counsel because counsel did not argue that 21 U.S.C. Secs. 841 and 846 are unconstitutional. The district court denied Powell's motion to vacate. Powell appeals that judgment.
 
 
 4
 In his timely appeal, Powell argues for the first time that: 1) the indictment against him was defective because it was signed by an Assistant United States Attorney rather than the United States Attorney; 2) he was placed in jeopardy twice for the same offense; and 3) he received ineffective assistance of counsel on different grounds.
 
 
 5
 The issues Powell raises on appeal were not asserted in the district court. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994). No such exceptional circumstances exist in this case.
 
 
 6
 In addition, Powell does not assert the issues on appeal that he raised in the district court. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Thus, Powell's challenge to the statutes to which he pleaded guilty and his due process claim are clearly abandoned. Moreover, Powell's claim that his attorney was ineffective is also abandoned because it is based on an entirely different set of facts from the issue he now asserts on appeal.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit because no exceptional circumstances exist that would warrant review of Powell's claims in the first instance on appeal.